IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANAS ALDABAS,<br>    Plaintiff,<br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS III,<br>Attorney General of the United States;<br>KRISTJEN NIELSEN, Secretary, Department of<br>Homeland Security; LUBNA FAZAL, Director,<br>USCIS Houston Asylum Office; L. FRANCIS<br>CISSNA, United States Citizenship and<br>Immigration Services,<br>    Defendants. | CIVIL ACTION NO. 18-2434 |

**WRIT OF MANDAMUS**

I. <u>INTRODUCTION</u>

1.    This is an individual action for declaratory and mandamus relief, authorize by the Declaratory Judgment Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 551 et seq. and 5 U.S.C. §S 701 et seq. This action is to provide Plaintiff Anas Aldabas (hereinafter "Mr. Aldabas") relief from the U.S. Citizenship & Immigration Services' ("USCIS") *et al*. willful violations of the law, and bureaucratic inaction and errors.

2.    Mr. Aldabas, a citizen of the Syrian Arab Republic, applied for asylum in March 2014. Mr. Aldabas met all the requirements for an asylum applicant, submitting valid documentation that served to corroborate his allegations against the Syrian government and proved the extent and duration of his persecution.

3.    Mr. Aldabas has not seen his three young daughters, in over four years, while waiting for the Defendants to adjudicate his asylum application. Mr. Aldabas has submitted all the

1

documentation necessary, participated in two lengthy asylum interviews, and has consistently followed up with the Defendants seeking a decision.

4. The Defendants have indefinitely delayed a determination on whether to grant or deny Mr. Aldabas' application for asylum. Defendants, the Department of Homeland Security and U.S. Citizenship and Immigration Services, are charged by law with the statutory obligation to adjudicate Mr. Aldabas' asylum application.

5. Defendants are required to process and adjudicate Mr. Aldabas' application in accordance with the law and agency procedure regarding asylum applications and to do so within a reasonable time. They have not done so.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this case under 5 U.S.C. § 702 and 706, as an action to review and compel agency action when it has been unlawfully withheld or unreasonably delayed, and to set aside agency actions, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

7. This court also has jurisdiction over this case under 28 U.S.C. § 1331, as an action arising under the constitution and laws of the United States, under 28 U.S.C. § 1361, as an action of mandamus to compel a United States employee to perform a duty, under 28 U.S.C. § 2412 (d) to reimburse a party for litigating unreasonable and unlawful agency actions.

8. An actual controversy has arisen and now exists between Plaintiff and Defendants.

9. Venue is proper under 28 U.S.C. §1391(e) because Plaintiff resides in this district.

## III. PARTIES

10. Anas Aldabas, plaintiff, resides in Dallas, Texas. He is a citizen of Syria and is seeking asylum in the United States.

11. Jefferson Beauregard Sessions III, defendant, is the United States Attorney General and head of the Department of Justice and as such is charged with enforcing the Constitution and laws of the United States. He is sued in his official capacity only.

12. L. Francis Cissna, defendant, is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens. Defendant Cissna is sued in his official capacity.

13. The United States Citizenship and Immigration Services is the federal agency within the Department of Homeland Security that is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

14. Kristjen Nielsen is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued in her official capacity. Defendant Nielsen is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 103(a).

15. The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

16. Lubna Fazal, Director of the Houston Asylum Office, which is charged with the duty of adjudicating affirmative asylum applications and which has administrative jurisdiction over asylum applications made by residents of Texas. Defendant Fazal is sued in her official capacity.

## VI. FACTS

17. Plaintiff, Anas Aldabas is a citizen of Syria. He has a recommended approval of his 1589 Application for Asylum. *See* Exhibit 1. If the application were to be approved, the Plaintiff would become an Asylee and would be eligible, under Section 209 of the Immigration and Nationality Act, as amended (INA), to file for Lawful Permanent Resident status after one year from the approval date.

18. Mr. Aldabas, a pharmacist, fled Syria to Lebanon after being targeted by the Syrian government for participating in antigovernment protests. In January 2014, Mr. Aldabas traveled to the United States after being invited by the Norwegian Delegation to the United Nations to testify about the atrocity he witnessed in Syria. *See* Exhibit 2. During this trip, Mr. Aldabas was invited to the White House, where he met with members of the National Security Council (NSC). On the same trip, in March 2014, Mr. Aldabas filed an application for asylum.

19. On March 24, 2014, U.S. Citizenship and Immigration Services ("USCIS") received Mr. Aldabas' I-589 Application for Asylum and for Withholding of Removal.

20. On October 14, 2014, Mr. Aldabas was interviewed for two hours by Officer David Velasquez in the Houston Asylum Office. During the interview, Mr. Aldabas questioned when he should expect a decision on his asylum case because he was worried about his wife, who had been recently threatened by Hezbollah in Lebanon.

21. In a document dated October 16, 2014, Mr. Aldabas' file was marked "CARRP" (Controlled Application Review and Resolution Program). *See* Exhibit 3.

22. On January 29, 2015, Mr. Aldabas requested an expedition of his asylum case, as he had not seen his three young daughters and wife in over a year. On February 4, 2015, he received

a response from the Houston Asylum Office that his application is pending one or more mandatory security checks.

23. In March 2015, Mr. Aldabas visited the Houston Asylum Office in person requesting an update and followed up with an email requesting an update on April 9, 2015. On April 10, 2015, Mr. Aldabas received a response stating that the "circumstances I outlined in my previous email to you are unchanged." *See* Exhibit 4 at 5.

24. On June 3, 2015, Mr. Aldabas sent an email to the USCIS Houston Asylum Office requesting an update on his application. Mr. Aldabas followed up with emails on June 8th and 20th. *Id*. at 3, 5,

25. On July 3, 2015, Mr. Aldabas sent an urgent email to the Houston Asylum Office: "My wife told me yesterday she will kill herself if i didn't go back and bring her and my kids where i am now. I can't travel anywhere because my passport is expired. I am very afraid she may hurt herself or the kids." *Id*. at 3.

26. On July 20, 2015, in an email entitled "Urgent decision expedition request (Please review thoroughly, Anas Dabbas)", Senior Asylum Officer David Velasquez wrote that he submitted the case for further processing and that it "was placed on SECO hold like all Syrian cases are and that's where it has been since." *Id*. at 1.

27. On March 25, 2016, Senior Asylum Officer David Velasquez noted that he had "not yet FDEC'D it awaiting return from HQ". *See* Exhibit 5.

28. On April 4, 2016, Jennifer Jabolnsky, Supervisory Asylum Officer of the Houston Asylum Office sent an email requesting review and noted, "AO Decision: Grant" and "expedite due to Ombudsman and Congressional inquiries pending." *See* Exhibit 6 at 2-3.

29. On April 6, 2016, Elena Likhanova, Asylum Division Quality Assurance Branch, replied that Mr. Aldabas' case "was assigned for review as a measure of prioritization." *Id.* at 2. On August 18, 2016, an email was sent confirming that "this case has been assigned for review as a priority." *Id.* at 1.

29. On December 12, 2016, Mr. Aldabas was interviewed a second time by Asylum Officer David Velasquez for over four hours.

30. On March 28, 2018, Mr. Aldabas submitted a request for case assistance with the Office of the Citizenship and Immigration Services Ombudsman. He received a reply, on April 5, 2018, that they would coordinate with USCIS Headquarters to resolve his case.

31. Mr. Aldabas' asylum application remains pending. As of the date of the filing of this complaint it has yet to be adjudicated.

## V. CLAIMS

**(1) Mandamus**

32. Plaintiffs incorporate paragraphs 1 through 33 as if set forth in full herein.

33. Defendants have the nondiscretionary duty to adjudicate the I-485 application filed by Plaintiff. By failing to do so, Defendants have failed to comply with their statutory and regulatory duties. Plaintiff is therefore entitled to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to adjudicate his I-485 application.

36. Plaintiffs incorporate paragraphs 1 through 35 as if set forth in full herein.

37. Defendants have willfully and unreasonably delayed, and have refused to adjudicate Mr. Aldabas 1-589 Application, which has already recommended for approval, thereby depriving Mr. Aldabas of the benefit of becoming an Asylee of the United States, and the peace of

mind he is entitled to. Defendants' failures and refusals are a violation of the APA and cognizable under 5 U.S.C., §§ 551(13) and 706(1).

38. Defendants owe Mr. Aldabas a clear and certain duty to adjudicate his Application for asylum within 180 days. *See infra* INA § 208(d)(5)(A)(ii); 8 U.S.C. § 1158. Mr. Aldabas freely admits that USCIS has no duty to approve the Application; the decision of the asylum application is discretionary. USCIS does have a duty, however, to adjudicate the Application within 180 days of the filing date. A delay of over four years is unreasonable for an asylum application.

39. USCIS's failure to timely adjudicate Mr. Aldabas' application imposes serious hardship on Mr. Aldabas and his family. Plaintiff has been harmed to the extent that he is unable to travel, or proceed with his life, or seek permanent residence as he is being held in a legal limbo by the inaction of the Service. This delay is onerous to the Plaintiff.

40. Mr. Aldabas has not seen his three young daughters and his wife in over four years. It is unclear now whether Mr. Aldabas will even be able to reunite his family as Executive Order 13769 restricts entry of Syrian immigrants to the United States.

41. Mr. Aldabas contacted his Congressional Representative, who has in turn contacted USCIS. The Congressional Representative received only a boilerplate response from USCIS, stating that the application was "still pending" despite the long and undue delay.

42. Mr. Aldabas has exhausted any administrative remedies that may exist.

**(2) Due Process Violation**

43. Plaintiff incorporates paragraphs 1 through 39 as if set forth in full herein.

44. Defendants' failures to process Plaintiffs' petitions violate Plaintiffs' Fifth Amendment rights to Due Process. On information and belief, many asylees similarly situated as the Plaintiff had their applications adjudicated within a few weeks of their interview.

7

Defendants' conduct with respect to Plaintiff and his relatives violates due process of equal protection and fairness.

## VI. CONCLUSION

WHEREFORE, Anas Aldabas prays that the Court:

1. Declare that Defendants' delay in processing the Plaintiff's applications violates Plaintiff's rights to due process;

2. Declare that Defendants' delay in processing the Plaintiffs' applications is unreasonable;

3. Order Defendants to immediately to adjudicate the cases and inform the Plaintiffs within 60 days from the date of this Order;

4. Order Defendants to file a report to the Court detailing the specific measures they are taking to accomplish the orders within 30 days from the date of the Court's order;

5. Award the Plaintiffs' attorney's fees and costs under the Equal Access for Justice Act, and

6. Grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted this 13th day of September 2018.

s/ Marwa Elbially, Esq.
**Elbially Law Office, PLLC**
TX Bar No. 24090089
P.O. Box 861622 Plano,
TX 75086-1622
info@elbiallylaw.com
(469) 629-6303